**Opinion filed March 5, 2026**



## In The

# Eleventh Court of Appeals

_____

### No. 11-26-00022-CV

_____

## WALLY YAMMINE, AS EXECUTOR OF THE ESTATE OF SIMONA YAMMINE BARRON, DECEASED Appellant

## V.

## WARREN FONVILLE, PLLC, Appellee

**On Appeal from the County Court**
**Palo Pinto County, Texas**
**Trial Court Cause No. C06229**

## M E M O R A N D U M   O P I N I O N

This attempted appeal relates to the trial court's order containing its findings of fact and conclusions of law provided to this court, at our direction, during the abatement of a prior appeal. *See Yammine v. Warren Fonville, PLLC*, No. 11-25-00071-CV, 2025 WL 3275030, at *2 (Tex. App.—Eastland Nov. 25. 2025, no pet.) (mem. op.). We dismiss this appeal for want of jurisdiction.

As detailed in our opinion in the prior appeal, Appellant filed a pro se notice of appeal from the trial court's judgment in favor of Appellee, "as [the] Executor of the Estate of Simona Yammine Barron." *Id.* at *1. We questioned his ability to

proceed in the appeal in that capacity and requested responses on the issue. *Id.* at *1–2. For the trial court to develop the record as to the issue and to protect the parties' rights, however, we ultimately abated the case for the trial court to hold an evidentiary hearing, allow Yammine to be heard, and allow the parties to present evidence on the issue regarding his capacity to proceed in the appeal. *Id.* at *2.

The trial court held the evidentiary hearing and signed an order detailing its findings of fact and conclusions of law, including that (1) the estate has more than one creditor, (2) Appellant is not the sole beneficiary of the estate, and (3) Appellant cannot represent the estate in the appeal of the case "under any circumstances." *Id.*; *see Suday v. Suday*, 716 S.W.3d 586, 590 (Tex. 2025). After the appeal was reinstated, we allowed Appellant an additional opportunity to respond or hire an attorney, but he did not. *Yammine*, 2025 WL 3275030, at *2. Instead, he filed a pro se motion to stay in this court for the trial court's determination of a motion for new trial, which he had filed in that court following the abatement proceedings and the reinstatement of the appeal. *Id.* Thus, we granted Appellee's motions to dismiss and dismissed the appeal for want of jurisdiction. *Id.* at *3. Appellant did not file a motion for rehearing. *See* TEX. R. APP. P. 49.1.

Appellant has now attempted to appeal the trial court's order containing its findings of fact and conclusions of law provided to us during our abatement. When this appeal was docketed, the clerk of this court wrote Appellant and informed him that the order being appealed was not an appealable order. We requested Appellant to respond and show grounds to continue this appeal, and we notified him that the appeal was subject to dismissal. Appellant has not filed a response.

Unless specifically authorized by statute, appeals may be taken only from final judgments. *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840–41 (Tex. 2007); *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). An order providing us with the evidence, information, findings, and conclusions that we

2

required to determine our jurisdiction, which the trial court provided at our direction, does not constitute an appealable order over which we have jurisdiction in a separate appeal after our decision in the prior appeal has been issued. *See Umoja v. State*, 965 S.W.2d 3, 12 n.7 (Tex. App.—Fort Worth 1997, no pet.) (per curiam) (op. on reh'g) (dismissing attempted appeal of trial court's findings in an abatement hearing for want of jurisdiction).

Appellant does not have the ability to proceed pro se in a representative capacity for the estate, and the trial court's order containing its findings and conclusions on the capacity issue during our abatement of the prior appeal is not an appealable order. Therefore, we dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).


JOHN M. BAILEY
CHIEF JUSTICE


March 5, 2026

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.